**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| | * |
| **JOHN DAVID RAPLEE, JR.,** | * |
| **Plaintiff,** | * |
| **v.** | * **Case No.: PWG-13-1318** |
| **THE UNITED STATES OF AMERICA,** | * |
| **Defendant.** | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

This case is before me on remand from the Fourth Circuit to consider the limited issue of whether equitable tolling provides relief to Plaintiff John D. Raplee, Jr., in his claims against Defendant the United States of America. Because I find that Raplee did not pursue his rights diligently and that no extraordinary circumstances prevented the timely filing of his Federal Tort Claims Act (FTCA) claim, Raplee's claims are barred under 28 U.S.C. § 2401(b).

## I. BACKGROUND

### A. Factual Background

The factual background in this case is straightforward. Raplee alleged medical malpractice relating to a surgery that he had on September 18, 2006. Compl. ¶ 16, ECF No. 1. Raplee initiated an administrative action before the Department of Health and Human Services ("HHS"), and "HHS acknowledged receipt of the claim on September 17, 2008." Pl.'s Brief 4. On June 19, 2012, nearly four years after Raplee initiated his claim with HHS, "HHS mailed a notice of final denial letter to counsel for Mr. Raplee . . . . However, neither Mr. Raplee nor his

attorneys ever received the denial letter and it is not disputed that the letter was returned to HHS unopened." *Id.*; *see also* Joint Rec. A209–10, ECF No. 29-1.[1]

HHS addressed the letter to Martin Trpis, the attorney of record in Raplee's HHS claim, and sent the letter to Trpis's address at Ashcraft & Gerel, LLP ("Ashcraft & Gerel"), Suite 1002, One Central Plaza, 11300 Rockville Pike, Rockville, Maryland, 20852.  Joint Rec. A2010.  This is the same address that was on the letter Trpis sent to HHS regarding Raplee's claim and was the only address that HHS had for Raplee.  *Id.* at A209–10.  Trpis had left Ashcraft & Gerel sometime around 2010.  *Id.* at A211.  From the time Trpis left around 2010 to the time that HHS sent out the denial letter on June 19, 2012, there is no evidence that Trpis or anyone at Ashcraft & Gerel sent any letter or made any other communication with HHS updating HHS that Trpis had left the firm or that another attorney took over the case.  *Id.* at A211, A215–16.  The denial letter was returned unopened to HHS.  *Id.* at A211–12.  Additionally, there is no evidence that any attorney at Ashcraft & Gerel—whether Trpis or any attorney who took over Raplee's case— followed up with HHS regarding the status of Raplee's claim.  *Id.* at A215–16.  On November 8, 2012, Raplee filed a statement of claim with Maryland's Health Care Alternative Dispute Resolution Office (the "ADR Office").  Pl.'s Brief 4.  Subsequently, Plaintiff filed this action in federal court on May 3, 2013.  *See* Comp.

Ashcraft & Gerel, through Trpis, represented Raplee starting no later than Septemeber 16, 2008, when Trpis filed an administrative claim with HHS on Raplee's behalf.  *See* A209–10. Ashcraft & Gerel have represented Raplee throughout the proceedings before this Court, *see*

---

[1]    These citations are to the Joint Record submitted by the parties in their Appeal to the Fourth Circuit.  Unless otherwise indicated, these citations are to the transcript of the February 10, 2014, motions hearing.  *See* ECF Nos. 17 & 18.

Compl.; Reply, and in Raplee's appeal to the Fourth Circuit, *see* Joint Appendix Cover Sheet, ECF No. 29-1.

### B. Procedural Background

On February 10, 2014, I dismissed this case for lack of jurisdiction. *See* February 11, 2014, Letter Order, ECF No. 18.  Although Raplee's claim was filed with the ADR Office within the six-month statute of limitations that began with HHS's mailing of its denial letter, I found that filing a claim with the ADR Office "does not begin an 'action' for the purposes of the Federal Tort Claims Act, 28 U.S.C. § 2401(b)." *Id.*  In addition, I found that Raplee's FTCA claims were barred by the FTCA statute of limitations and held that "[b]ecause the limitations period is jurisdictional, it cannot be tolled." *Id.*  Raplee appealed this decision to the Fourth Circuit, *see* ECF No. 19, and the Fourth Circuit stayed its consideration of the appeal pending the Supreme Court's decision in *United States v. Wong*, No. 13-1074, *see* ECF No. 24.  On April 22, 2015, the Supreme Court ruled in *Wong* that the FTCA limitations period was not jurisdictional and therefore subject to equitable tolling.  135 S. Ct. 1625, 1629 (2015).

In light of this decision, the parties in this case filed a consent motion for limited remand to this Court for consideration of whether the six-month filing deadline under 28 U.S.C. § 2401(b) should have been equitably tolled, *see* ECF No. 25-1, which the Fourth Circuit granted on May 19, 2015, ECF No. 25.  On May 27, 2015, I ordered the parties to provide supplemental briefing on this issue.  *See* ECF No. 26.  Raplee filed a supplemental briefing arguing that equitable tolling was appropriate in this case, Pl.'s Brief, ECF No. 27, and Defendant opposed, Opp'n, ECF No. 29.  Raplee then filed his reply.  Reply, ECF No. 33.  The Maryland Association for Justice ("Justice Association") filed a motion for leave to file an *amicus curiae* brief on the equitable tolling issue, ECF No. 30, which I granted, ECF No. 31.  The Justice

Association filed is amicus brief on July 6, 2015.  ECF No. 32.  Raplee requested a hearing on the equitable tolling issue, but a hearing is not necessary in this case.  *See* Loc. R. 105.6.

## II.  DISCUSSION

### A.  Standard

The matter before this Court on limited remand from the Fourth Circuit is whether equitable tolling provides relief to Raplee with respect to his claims against Defendant that would otherwise be barred under FTCA's six-month statute of limitations.  *See* ECF No. 25-1.  A plaintiff is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The doctrine of equitable tolling

> has been applied in "two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant.  In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time."

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)).  Equitable tolling is an extreme remedy and its application "must be guarded and infrequent" and "any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  *Id.*

### B.  Diligence

For the plaintiff to satisfy the first prong of diligence, he must show "reasonable diligence, not maximum feasible diligence." *Id.* (internal citations and quotation marks omitted). Here, Raplee has failed to show reasonable diligence regarding his claims. Pursuant to 28 U.S.C. § 2675(a), "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." This section provides diligent counsel with the opportunity to pursue a plaintiff's rights in federal court if the agency has not issued a determination within six months. *See* 28 U.S.C. § 2401(a).

In his brief, Plaintiff argues that he demonstrated diligence in the form of providing medical records to HHS on June 26, 2009, Pl.'s Brief 5, and by "retain[ing] an expert, obtain[ing] an expert report, and fil[ing] a statement of claim as a pre-requisite to suit in compliance Maryland and Federal law, all within the FTCA's statute of limitations period," *id.* at 3–4 (footnote omitted). These activities occurred between January 2011 and February 2013. *Id.* Although these activities suggest that Plaintiff's counsel was working on this case, they do not rise to the level of reasonable diligence.

> I previously found that
>
> more than three years after the initial claim was filed and long after Mr. Trpis had left, it does not appear as though anyone who took over the file had the—had noticed this and sent in a change of address or a change of counsel's name. And they could have taken action at any time after six months after the claim had been filed.

Joint Rec. A215–16. There is no evidence that Plaintiff's counsel corresponded with HHS in any way to update the attorney of record or inquire regarding the status of the administrative claim. Further, Plaintiff's counsel did not pursue Plaintiff's rights in federal court until nearly four years after Plaintiff filed his administrative claim with HHS, even though Plaintiff's counsel could have initiated a federal action six months after filing the claim with HHS. This action, or more

accurately, inaction, constitutes a lack of diligence that has been previously recognized by this Court. *See Preston v. United States*, No. ELH-14-1920 (D. Md. filed June 13, 2014), May 18, 2015, Letter Order, ECF No. 18 (finding equitable tolling unavailable where "instead of diligently pursuing her claim, plaintiff waited more than one year after filing her administrative claim to take any action."). Further, Raplee fails to provide any evidence of communications between himself and counsel that may show diligence on his own behalf.[2] For these reasons, I find that Plaintiff has failed to meet the diligence requirement for equitable tolling.

## C. Extraordinary Circumstances

Even if Plaintiff were able to satisfy the diligence requirement, Plaintiff has also failed to demonstrate that extraordinary circumstances prevented his timely filing. Plaintiff presents two arguments that supports his argument that he missed the six-month statute of limitations deadline due to extraordinary circumstances: (i) that Defendant "wrongfully induced" him to miss the deadline, Pl.'s Brief 6–9, and (ii) that Raplee's attorney's conduct constitutes an extraordinary circumstance, *id.* at 9–11.

In prior proceedings before this Court, I previously rejected Plaintiff's first argument. I found that HHS's mailing of the denial letter was not defective service: "HHS sent the letter to the correct address and that's the correct address today." *See* Joint Rec. A213–215.

---

[2]     In *Holland*, the petitioner

> not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have Collins—the central impediment to the pursuit of his legal remedy—removed from his case. And, the very day that Holland discovered that his AEDPA clock had expired due to Collins' failings, Holland prepared his own habeas petition pro se and promptly filed it with the District Court.

560 U.S. at 653. There is no similar evidence that has been presented to the Court that Raplee independently took activity to pursue his claims in a manner that would establish due diligence.

Regarding Plaintiff's second argument, the Supreme Court has "previously held that 'a garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *See Holland*, 560 U.S. at 651–52 (internal citations omitted) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) and *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)).  However, failures on the part of counsel that "violate[] fundamental canons of professional responsibility, which require attorneys to perform reasonably competent legal work, to communicate with their clients, to implement clients' reasonable requests, to keep their clients informed of key developments in their cases, and never to abandon a client" may be so egregious as to constitute an extraordinary circumstance where equitable tolling is appropriate. *See id.* at 652–53.

Justice Alito provided further guidance on the difference between attorney negligence, which does not merit equitable tolling, and attorney abandonment, which does, in his concurring opinion in *Holland*, which the majority in *Maples v. Thomas*, 132 S. Ct. 912, 923 (2012) later endorsed.  In *Maples*, the Supreme Court found that "under agency principles, a client cannot be charged with the acts or omissions of an attorney who has abandoned him.  Nor can a client be faulted for failing to act on his own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him." *Id.* at 924.  In *Maples*, petitioner's *pro hac vice* counsel left their law firm, Sullivan and Cromwell, to take legal positions that precluded them from continuing as petitioner's counsel. *See id.* at. 924–25.  This action severed the attorney-client relationship between the petitioner and his counsel, leaving petitioner abandoned.  In addition, Sullivan and Cromwell did not provide sufficient evidence that it engaged in significant work in Maples's case after the departure of his counsel of record. *Id.* at 925.  Further, Maples's

local counsel of record failed to act as Maples's agent "in any meaningful sense of that word." *Id.* at 927 (quoting *Holland*, 560 U.S. at 659 (Alito, J., concurring)).

Counsel for Plaintiff attempt to blame all of the attorney misconduct on Trpis, but that is only one half of the equation.  As I previously found, "Trpis manifestly should have notified HHS when he left the firm.  That was his obligation as an attorney to do so and to enter the appearance of someone else or bring it to the attention of the firm to do so."  Joint Rec. A215.  At the same time, Plaintiff's current counsel at Ashcraft & Gerel share the blame: "more than three years after the initial claim was filed and long after Mr. Trpis had left, it does not appear as though anyone who took over the file had the—had noticed this and sent in a change of address or a change of counsel's name."  *Id.* at A215–16.  Throughout this time, attorneys at Ashcraft & Gerel continued to represent Raplee, albeit as discussed above, in a less than diligent manner, obtaining an expert and expert report and filing a statement of claim on behalf of Raplee.  Pl.'s Brief 3–4.  Although Raplee may have been abandoned by Trpis, he was not abandoned by the other lawyers at Ashcraft & Gerel, who continued to represent him with respect to these claims unlike the circumstances in *Maples*.  His attorneys had a professional obligation to update the attorney of record with respect to the administrative claim before HHS and take steps to ensure that Raplee did not lose his ability to proceed with his claim in federal court.  This failure is attorney negligence, which has long been recognized as falling short of an extraordinary circumstance warranting equitable tolling.  *See, e.g.*, *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (citing *Irwin*, 498 U.S. at 96).[3]

---

[3]    Further, Raplee's situation differs from the petitioners seeking habeas relief in *Holland* and *Maples*.  As the Supreme Court recognized in *Holland*, "the failures seriously prejudiced a client who thereby lost what was likely his single opportunity for habeas review of the lawfulness of his imprisonment and of his death sentence."  560 U.S. at 653.  Raplee's case

For these reasons, I find that Plaintiff has failed to meet the extraordinary circumstances requirement for equitable tolling.

## III.    CONCLUSION

Accordingly, I find that Plaintiff has demonstrated neither required element to equitably toll the statute of limitations on his FTCA claim and that equitable tolling cannot be applied in this case to extend the statute of limitations.   Raplee's claims are barred under 28 U.S.C. § 2401(b).

## ORDER

Having decided the issue for which the Fourth Circuit remanded this case to this Court, *see* ECF No. 25, it is this 22nd day of December, 2015, hereby ORDERED that this case WILL NOT BE REOPENED because Plaintiff has failed to establish that equitable tolling is appropriate.  The Clerk IS DIRECTED to send a copy of this memorandum opinion and order to the Fourth Circuit.

So ordered.


_____/S/_____
Paul W. Grimm
United States District Judge

dpb

---

differs in that alternative means of relief may be available against his former or current attorneys even if his case against Defendant is dismissed because it is time-barred.